# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:10CV-P16-M

JOE A. BROWDER, JR.                                                          PETITIONER

v.

PHILIP PARKER                                                                RESPONDENT

## MEMORANDUM OPINION

The petitioner, Joe A. Browder, Jr., filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The petition previously came before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court determined that on its face the petition appeared time-barred under the applicable one-year statute of limitations. Before dismissing the petition, however, the Court provided Browder with an opportunity to show cause why his petition should not be dismissed. Browder has responded. Browder appears to be claiming that he is entitled to equitable tolling for three reasons: 1) the Veterans Administration (VA) declared him incompetent to manage his own affairs; 2) he could not find an attorney to take his case *pro bono* and the VA would not authorize disbursement of money from his trust account to pay for privately retained counsel; and 3) he had gallbladder surgery in 2006.

For the reasons set forth below, the Court concludes that equitable tolling is not available under the circumstances of this case. As such, by separate Order, the Court will dismiss Browder's petition because it is time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**A.      Procedural history of Browder's criminal action**

In his petition, Browder states that he was convicted of three counts of trafficking

cocaine, one count of possession of marijuana within 1000 yards of a school, and possession of drug paraphernalia in the Daviess County Circuit Court on May 20, 2005, following a guilty plea. He did not file a direct appeal. He filed a collateral attack pursuant to RCr 11.42 in the Daviess Circuit Court in February 2008, apparently with the help of a prison legal aide.

B.   **Background related to Browder's equitable tolling arguments**

   **1. Mental incompetency**

Browder was found mentally incompetent to manage his own financial affairs by the VA on May 15, 2002. From a review of the records submitted by Browder, it appears that from at least 2005 through the time he filed his habeas petition Browder continually attempted to challenge the VA's incompetency determination, to have the VA appoint him a new fiduciary, and to have the VA authorize the release of funds from his account so that he could hire post-conviction counsel to bring an appeal on his behalf. Browder succeeded in having a new fiduciary appointed, but his other efforts failed.

Browder has also submitted records that show that in June 2005, he was diagnosed as suffering from major depression by a psychologist at the Roederer Correctional Complex. The report, however, indicates that despite this diagnosis Browder "presented as polite, alert, and oriented to time, place, person and situation." The Court also takes judicial notice that during this time period Browder filed and prosecuted a *pro se* action against several officials at the Daviess County Detention Center in this Court. *See Browder v. Ankrom et al.*, No. 4:05-cv-00009-JHM, United States District Court for the Western District of Kentucky, Owensboro Division. Browder ably represented himself in that action and even prevailed at the Sixth Circuit on part of his appeal.

2

### 2. Attempts to secure post-conviction counsel

The records submitted by Browder also reveal that he made numerous attempts to find post-conviction counsel to represent him. He obtained a list of private attorneys from the Department of Public Advocacy, and his notes indicate that he contacted almost all of the names provided to him. Additionally, it appears that his mother attempted to find counsel to represent him. Browder also wrote repeated letters to the VA attempting to get them to authorize the release of funds so that he could employ counsel to appeal his criminal convictions. In 2007, the Eastern Kentucky Correctional Complex appointed a legal aide to represent Browder.

### 3. Gallbladder surgery

Browder had surgery to remove his gallbladder in January 2006. The post-operative progress notes from March 2006 indicate that Browder did not suffer any complications from his surgery. The other medical records submitted by Browder indicate that prior to the surgery, he experienced a great deal of pain.

## II. ANALYSIS

Because Browder's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the

3

conclusion of direct review or the expiration of the time for
seeking such review;

(B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws of
the United States is removed, if the applicant was prevented from
filing by such State action;

(C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

(2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Browder's conviction became final, for purposes of the AEDPA's statute-of-limitations period, in June 2005. Thus, he had until June 2006, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Browder did not file his petition by June 2006, nor did he have any time-tolling collateral action pending during that time period.

From a review of Browder's petition, it appears that he filed a collateral attack

4

challenging his conviction in state court in February 2008. The fact that this motion may have been timely under state law, however, does not work to save the instant petition from being time-barred. Filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well recognized interest in the finality of state court judgments"; it "reduces the potential for delay on the road to finality[.]" (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

Browder did not file a collateral attack of his state court conviction until February 2008, over two years after the applicable limitations period had expired. By the time Browder sought post-conviction relief from the Daviess Circuit Court in February of 2008, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this Court appears time-barred and subject to summary dismissal.

However, section 2254's one-year statute of limitations is not jurisdictional and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly

5

*Id.* at 1008-09. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Court will now turn to the three reasons that Browder has proffered in support of his argument that the Court should employ the doctrine of equitable tolling to salvage his claims.

**A.      Mental Incompetency**

"[T]he mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008). However, "mental incompetence is not a *per se* reason to toll a statute of limitations." *Id.* " In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence **and** must also demonstrate that the alleged incompetence affected h[is] ability to file a timely habeas petition." *Id.* (citing *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003)). Here, Browder has made no showing whatsoever that his metal incompetency affected his ability to file a timely petition. In fact, the record belies any such claim. During the time that Browder was allegedly mentally incompetent, he pursued numerous appeals with the VA, wrote various state and federal officials seeking help, filed numerous prison grievances, and prosecuted a number of *pro se* actions in this Court, including a successful appeal in *Browder v. Ankrom et al.*, No. 4:05-cv-00009-JHM. The nature of Browder's mental incapacity certainly did not impact his ability to advocate on his own behalf or access the courts. As such, he is not entitled to equitable tolling on this basis.

### B. Inability to find an attorney

Browder asserts that the limitations period should be equitably tolled because he could not obtain an attorney to assist him with his post-conviction appeal. However, there is no constitutional right to an attorney in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). "Thus, the fact that petitioner was unable to retain counsel in a timely fashion to file his habeas petition is not a circumstance that would justify the equitable tolling of the statute of limitations." *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 ( E.D. Mich. 2001). Moreover, the fact that Browder is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999).

### C. Surgery

Browder presents documents that show he had gallbladder surgery in January 2006 after experiencing significant pain. His post-operative notes indicate, however, that as of March 2006, he was not experiencing any complications from this surgery. Even if the Court were to conclude that Browder's claim was tolled from January 2006 to March 2006, it would extend the statute of limitations by only three months, not nearly long enough to have any affect on this case. *See Washington v. Mount Olive Corr. Complex*, NO. 3:08-1043, 2009 U.S. Dist. LEXIS 107826 (S.D. W. Va. Nov. 18, 2009) (holding that applying equitable tolling to period during which petitioner was in the hospital prior to and after gallbladder surgery would not salvage his claim under § 2254 because it would only delay expiration of the claim, not restart the clock).

Based on the foregoing analysis, the Court concludes that Browder failed to file his

habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

### III.  CERTIFICATE OF APPEALABILITY

In the event Browder wishes to appeal any aspect of this Court's decision, he is required to obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  *See* Rule 11 of the Rules Governing Section 2254 Cases.

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, Browder is not entitled to a COA.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
        4414.008