# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:10CV-P16-M

**JOE A. BROWDER, JR.**                                              **PETITIONER**

**v.**

**PHILIP PARKER**                                                               **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the petitioner Joe A. Browder, Jr.'s motion to alter or amend the Court's May 12, 2010, Order denying his habeas petition as untimely (DN 11) and on Browder's supplemental memorandum in support of his motion to alter or amend (DN 12).

Browder's petition previously came before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court determined that on its face the petition appeared time-barred under the applicable one-year statute of limitations. Before dismissing the petition, however, the Court provided Browder with an opportunity to show cause why his petition should not be dismissed. Browder responded. The Court then concluded that Browder had not demonstrated that he was entitled to rely on equitable tolling. As such, the Court dismissed Browder's petition and denied him a certificate of appealability (COA).

While Browder disputes many, if not all, of the Court's conclusions, his primary arguments are (1) that he began attempting to secure private, paid counsel to represent him during the pendency of his direct appeal and his efforts have continued to this date; and (2) under Kentucky Revised Statute § 31.110(2)(c) he is entitled to have counsel represent him in post-conviction proceedings. These two arguments are intertwined.

Browder argues that his inability to find counsel to represent him is an "impediment" that

has been on-going since the inception of the underlying criminal action as that term is used in 28 U.S.C. § 2244(d)(1)(B), and therefore, should serve as the basis for tolling this action. The failure to find paid counsel to represent him cannot be an impediment to filing a habeas action pursuant to § 2254 because there is no right to legal representation to file a habeas action. *See Inglesias v. Davis*, No. 07-1166, 2009 U.S. App. LEXIS 692 (6th Cir. 2009) ("But even if the denial of appointed counsel impeded Inglesias's pursuit of direct review, it did not obstruct his quest for collateral federal habeas relief--and that is the relevant question. Inglesias has no constitutional right to have the assistance of counsel in bringing a collateral action challenging his conviction, and thus this argument offers no basis for sidestepping the one-year bar."). Browder's reliance on Kentucky Revised Statute § 31.110(2)(c) is misplaced.[1] This statute has

---

[1]This statute provides:

  (1) A needy person who is being detained by a law enforcement officer, on suspicion of having committed, or who is under formal charge of having committed, or is being detained under a conviction of, a serious crime, or who is accused of having committed a public or status offense or who has been committed to the Department of Juvenile Justice or Cabinet for Health and Family Services for having committed a public or status offense as those are defined by KRS 610.010(1), 610.010(2)(a), (b), (c), or 630.020(2) is entitled:

  (a) To be represented by an attorney to the same extent as a person having his or her own counsel is so entitled; and  (b) To be provided with the necessary services and facilities of representation including investigation and other preparation. The courts in which the defendant is tried shall waive all costs.

(2) A needy person who is entitled to be represented by an attorney under subsection (1) of this section is entitled:

  (a) To be counseled and defended at all stages of the matter beginning with the earliest time when a person providing his own counsel would be entitled to be represented by an attorney and including revocation of probation or parole;  (b) To be represented in any appeal; and  (c) To be represented in any other post-conviction, or, if a minor under the age of eighteen (18), post-disposition proceeding that the attorney and the needy person considers appropriate. However, if the counsel appointed in such post-conviction, or, if a minor under the age of eighteen (18), post-disposition remedy, with the court involved, determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense, there shall be no further right to be represented by counsel under the provisions of this chapter.

(3) A needy person's right to a benefit under subsection (1) or (2) of this section is not affected by his or her having provided a similar benefit at his or her own expense, or by he or she having waived it, at an earlier stage.

(4) A person, whether a needy person or not, who is a minor under the age of eighteen (18) and who is in the custody of the Department of Juvenile Justice and is residing in a residential treatment center or

no applicability to the question at hand.  Irrespective of whether Browder qualified as a "needy person" under Kentucky law, it is beyond dispute that the Constitution does not mandate counsel to assist with filing a § 2254 action.  Browder could have filed a *pro se* habeas action before the expiration of the statute of limitations.  He did not do so, and this action is untimely.

For the reasons set forth above, **IT IS ORDERED** that,

Browder's motion to alter or amend the Court's May 12, 2010, Order denying his habeas petition as untimely (DN 11) and its corresponding supplement (DN 12) are **DENIED**.

Because no jurists would find this decision debatable, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), **a certificate of appealability is DENIED.**

Date:




cc:     Petitioner, *pro se*

4414.008

---

    detention center is entitled to be represented on a legal claim related to his or her confinement involving
    violations of federal or state statutory rights or constitutional rights.